**Steve Michael COX, Plaintiff—
Appellant,**

v.

**Robert BAYER; et al., Defendants—
Appellees.**

**No. 02–16137.**

**D.C. No. CV–00–00217–ECR.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Steve Michael Cox, a Nevada state prisoner, appeals pro se the district court's dismissal of his action alleging that he was denied meals twice in two months in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dis-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Cox's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

missal under 28 U.S.C. § 1915A for failure to state a claim. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court correctly dismissed Cox's claim because his allegation that he was served cold or incomplete meals on two occasions was not sufficiently serious to form the basis for an Eighth Amendment violation. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

We do not consider Cox's contention on appeal that the meal incidents were discriminatory or retaliatory because Cox did not raise these claims in the district court. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996).

Cox's contention that the district court should have remanded his state claims fails because he alleged only a federal claim.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.